# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Case No. 14-2981

Appeal from: United States District Court for the District of Nebraska, Case No. 8:12-cv-00383-FG3

Bradley B. Baumann, individually, co-special administrators of these Estates: Estate Of Christopher Douglas Schmidt, Diana Ruth Schmidt, Samuel Donovan Schmidt, Connor Bradley Schmidt; Nancy R. Baumann, individually, co-special administrators of these Estates: Estate Of Diana Ruth Schmidt, Samuel Donovan Schmidt, Connor Bradley Schmidt, Christopher Douglas Schmidt; Donna J. Costley, individually, co-special administrators of these Estates: Estate Of Diana Ruth Schmidt, Samuel Donovan Schmidt, Connor Bradley Schmidt, Christopher Douglas Schmidt Plaintiffs – Appellants,

v.

Josef Slezak and AKI Trucking, Defendants;

Vladimir Zhukov, Swift-Truck Lines, Ltd., and MTR Express, Inc., Defendants-Appellees;

North Metro Truck Leasing, LLC, Defendant;

Long Haul Trucking, Inc., Defendant-Appellee.

---

## APPELLANTS' DESIGNATION OF ISSUES PRESENTED FOR REVIEW WITH APPOSITE CASES AND STATUTORY PROVISIONS

---

Pursuant to FRAP 28(a)(5) and 8th Cir. R. 28A(i)(2) the Appellants' issues for review are:

1

*As to Vladimir Zhukov, Swift-Truck Lines, Ltd., and MTR Express, Inc. (the "Zhukov defendants"):*

An "efficient intervening cause" severs the causal connection between the claimed injury and the conduct of the defendants when the third party's negligence could not have been anticipated *by the defendants.*

Zhukov's own testimony, along with lay witnesses' testimony, law enforcement testimony, and expert affidavits showed that the Zhukov defendants knew or should have known that when a tractor-trailer collision blocks the interstate it is reasonable to anticipate that another tractor-trailer driver would negligently collide into the stalled traffic behind the primary collision scene. Nonetheless, the district court found that as a matter of law the negligence of co-defendant Slezak could not have been anticipated by the Zhukov defendants.

Was it an error for the trial court to take away from the jury the factual determination of whether the Zhukov defendants, as professional tractor-trailer operators, and particularly in view of their own negligent conduct, could have anticipated the negligence of Josef Slezak in the secondary collision which killed the Schmidt family?

**Apposite cases:**

*Heatherly v. Alexander*, 421 F.3d 638 (8th Cir. 2005)
*Johnson v. Metropolitan Utilities District,* 176 Neb. 276, 125 N.W.2d 708 (1964)
*Latzel v. Bartek*, No. S-13-053, 2014 WL 1724349 (Neb. May 2, 2014)

**Statutory provisions:**

Neb. Rev. Stat. § 60–6,164(2) (2007)

**Federal Motor Carrier Safety Act Regulations:**

FMCSA §§ 393.95, 392.22
FMCSA §§ 391.11(2), 398.3(c)(4)

*As to Long Haul Trucking, Inc. ("Long Haul"):*

Whether the negligence of co-defendant Slezak severed the chain of causation is measured by whether Long Haul, not an abstract reasonable person, could anticipate Slezak's negligent driving.

Long Haul is an owner-operator of tractor-trailer trucks. Through the testimony of its employees, Long Haul evinced a high level of sophistication concerning the risks, hazards, and causes of highway accidents. Long Haul's safety officer testified to his familiarity with the risk of follow-along or "secondary collisions," even to the extent of acknowledging the primary safety study relied upon by plaintiffs' truck safety expert. Long Haul's driver, who was on probation for prior safety violations, was either inattentive or asleep at the wheel as he crashed into the stalled Zhukov tractor-trailer.

Was it an error for the trial court to find as a matter of law that Long Haul could not have anticipated Slezak's negligence, particularly when it was practically identical to the negligence committed by its own driver?

**Apposite cases:**

*Heatherly v. Alexander*, 421 F.3d 638 (8th Cir. 2005)
*Johnson v. Metropolitan Utilities District,* 176 Neb. 276, 125 N.W.2d 708 (1964)
*Latzel v. Bartek*, No. S-13-053, 2014 WL 1724349 (Neb. May 2, 2014)

**Statutory provisions:**

Neb. Rev. Stat. § 60–6,164(2) (2007)

**Federal Motor Carrier Safety Act Regulations:**

FMCSA §§ 393.95, 392.22
FMCSA §§ 391.11(2), 398.3(c)(4)

Respectfully submitted,

*/s/ James H. Chalat*

James H. Chalat,
CHALAT HATTEN KOUPAL & BANKER PC
1900 Grant St., Ste. 1050
Denver, Colorado 80203
Telephone: 303.861.1042
Fax: 303.861.0506
jchalat@chalatlaw.com
*ATTORNEY FOR PLAINTIFFS-APPELLANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2014 a true and accurate copy of the foregoing APPELLANTS' DESIGNATION OF ISSUES PRESENTED FOR REVIEW WITH APPOSITE CASES AND STATUTORY PROVISIONS was filed and served via CM/ECF upon the following parties of record:

Stephen L. Ahl
Krista Carlson
Erin C. Duggan Pemberton
WOLFE, SNOWDEN, HURD, LUERS & AHL, LLP
Wells Fargo Center
1248 "0" Street, Suite 800
Lincoln, NE 68508
sahl@wolfesnowden.com
epemberton@wolfesnowden.com
kcarlson@wolfesnowden.com
Attorneys Defendants-Appellees Vladimir Zhukov, Swift-Truck Lines, LTD. & MTR Express, Inc.

Michael B. Langford
Jay Taylor
Nancy Berry
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204
mlangford@scopelitis.com
JTAYLOR@scopelitis.com
nberry@scopelitis.com
Attorneys for Defendant-Appellee Long Haul Trucking, Inc.

John P. Inserra, Esq.
INSERRA & KELLEY
6790 Grover Street, Suite 200
Omaha, NE 68106-3612
jpinserra@inserra.com
Attorney for Plaintiffs-Appellants


*/s/James H. Chalat*

CHALAT HATTEN KOUPAL & BANKER, PC